***E-FILED - 7/3/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PATTERSON, | No. C 08-2681 RMW (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| vs. | |
| B. CURRY, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the California Board of Parole Hearings ("Board") in 2007 finding him unsuitable for parole.[1]  Petitioner has paid the filing fee.  The court orders respondent to show cause why the petition should not be granted.

**BACKGROUND**

In 1983, petitioner was sentenced to a term of 25 years-to-life in state prison after his conviction for first degree murder in Los Angeles County Superior Court.  At his parole suitability hearing in 2007, the Board found petitioner to be unsuitable for parole.

---

[1] Petitioner has previously filed two habeas petitions in this court, Nos. 06-1429 RMW (PR) and 08-2492 RMW (PR), challenging earlier parole denials by the Board in 2004 and 2006, respectively.

Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.08\Patterson681oscparole.wpd   1

Petitioner challenged this decision unsuccessfully in habeas petitions filed in all three levels of the California courts. Petitioner thereafter filed the instant petition.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  Petitioner's Claims

As grounds for federal habeas relief, petitioner claims that the Board violated his right to due process because there is not "some evidence" to support the Board's decision finding him unsuitable for parole. The court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1.   The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

2.   Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

1    If petitioner wishes to respond to the answer, he shall do so by filing a traverse
2 with the court and serving it on respondent within **thirty days** of the date the answer is
3 filed.

4    3.    Respondent may file a motion to dismiss on procedural grounds in lieu of
5 an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
6 Governing Section 2254 Cases within **ninety days** of the date this order is filed.  If
7 respondent files such a motion, petitioner shall file with the court and serve on respondent
8 an opposition or statement of non-opposition within **thirty days** of the date the motion is
9 filed, and respondent shall file with the court and serve on petitioner a reply within **fifteen**
10 **days** of the date the opposition is filed.

11    4.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded
12 that all communications with the court must be served on respondent by mailing a true
13 copy of the document to respondent's counsel.  Petitioner must keep the court and all
14 parties informed of any change of address by filing a separate paper captioned "Notice of
15 Change of Address."  He must comply with the court's orders in a timely fashion.  Failure
16 to do so may result in the dismissal of this action for failure to prosecute pursuant to
17 Federal Rule of Civil Procedure 41(b).

18    IT IS SO ORDERED.
19 DATED:  7/1/08                          *Ronald M. Whyte*
20                                          RONALD M. WHYTE
                                            United States District Judge

Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.08\Patterson681oscparole.wpd  3